**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

BOILERMAKER-BLACKSMITH NATIONAL )
PENSION FUND; BOILERMAKERS NATIONAL )
HEALTH AND WELFARE FUND; )
BOILERMAKERS NATIONAL ANNUITY )
TRUST; JOHN FULTZ as a fiduciary of the )
BOILERMAKER-BLACKSMITH NATIONAL )
PENSION FUND, BOILERMAKERS NATIONAL )
HEALTH AND WELFARE FUND, and )
BOILERMAKERS NATIONAL ANNUITY )
TRUST, )
                             Plaintiffs, )
vs. )       Case No. 2:18-cv-2319
                                     )
BOILER TECH, INC., )
                            Defendant. )
_____)

**COMPLAINT**

Plaintiffs, for their cause of action against Defendant, Boiler Tech, Inc., state as follows:

**PLAINTIFFS' REQUEST FOR PLACE OF TRIAL**

1.       Pursuant to District of Kansas Rule 40.2, Plaintiffs hereby request that trial in this matter be held in Kansas City, Kansas.

**NATURE OF THE CASE**

2.       This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145 to compel an audit and to collect fringe benefit contributions from the Defendant as may be due and owing to the Plaintiff Employee Benefit Plans.

**PARTIES**

3.       Plaintiff Boilermaker-Blacksmith National Pension Fund (hereinafter "the Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).  The

Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).  The

Pension Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas

City, Kansas 66101, which is located within the territorial boundaries of the District of Kansas.

The Pension Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and

has been established pursuant to § 302(c)(5) of the Labor Management Relations Act (LMRA),

29 U.S.C. § 186(c)(5).

4.     Plaintiff Boilermakers National Health and Welfare Fund (hereinafter "the Health

& Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).

The Health & Welfare Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. §

1132(d).  The Health & Welfare Fund maintains its principal place of administration at 754

Minnesota Avenue, Kansas City, Kansas 66101, which is located within the territorial

boundaries of the District of Kansas.  The Health & Welfare Fund is a "multi-employer plan"

within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of

the LMRA, 29 U.S.C. § 186(c)(5).

5.     Plaintiff Boilermakers National Annuity Trust (hereinafter "the Annuity Fund") is

an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).  The Annuity Fund is a

legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).  The Annuity Fund

maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas

66101, which is located within the territorial boundaries of the District of Kansas.  The Annuity

Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been

established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

6.      Plaintiff John Fultz is a fiduciary of the Plaintiffs Pension Fund, Health & Welfare Fund, and Annuity Fund within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

7.      Defendant, Boiler Tech, Inc. (hereinafter "BTI") is a corporation organized under and existing by virtue of the laws of the State of Michigan.  BTI is an employer within the meaning of 29 U.S.C. § 1002(5).

## JURISDICTION

8.      This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 1132 and 1145, and also pursuant to 28 U.S.C. § 1331.

9.      Whereas the Plaintiff employee benefit plans are administered in the District of Kansas, venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2).

## CAUSE OF ACTION

10.     At all times relevant hereto, BTI has been a party to one or more collective bargaining agreements with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO (hereinafter "Boilermakers International") and/or affiliate local unions of the Boilermakers International (collectively, "the Union").

11.     Each of the Plaintiffs Pension Fund, Health & Welfare Fund and Annuity Fund (hereinafter collectively "the Funds) is established and operated pursuant to a written agreement and/or declaration of trust.  These agreements and/or declarations of trust are incorporated by reference into and are a material part of the collective bargaining agreement(s) between BTI and the Boilermakers International and/or affiliate local unions.

12.     At all times material and relevant to this action, BTI has employed employees who have performed covered work under the collective bargaining agreement(s).

13.     BTI is obligated under the collective bargaining agreement(s) to timely submit reports and fringe benefit contributions to the Plaintiff Funds.  BTI is required to submit contributions to the Funds each month in such amounts as determined by the number of hours of covered work performed by BTI's employees at the rates established for each of the Funds in the collective bargaining agreement(s).

14.     The collective bargaining agreement(s) require that contributions due to the Funds are to be paid by the fifteenth (15th) day of the month following the month in which the work was performed, and payments are delinquent if not received by that date.

15.     Under the Funds' written agreements and/or declarations of trust and by law, the Funds have the right to audit any of the books and records of employers obligated to remit reports and contributions to the Funds, in order to ensure that such employers are in compliance with their reporting and contribution obligations.  Moreover, under the trust agreements and by law, the Funds are entitled to seek judicial relief compelling an audit of any contributing employer who fails or refuses to submit to an audit of its books and records, and further, are entitled to recover the costs and expenses incurred by the Funds in seeking such judicial relief.

16.     Notwithstanding repeated demands made by the Funds, BTI has failed and/or refused to provide to the Funds all documents necessary for the Funds to conduct a full and complete audit of BTI's books and records in order to determine its compliance with its reporting and contribution obligations.  Accordingly, the Funds are entitled to an order compelling BTI to submit to an audit, including an order compelling BTI to produce all documents necessary for a full and complete audit.

17.     The Funds have incurred costs and expenses, including attorney's fees, in attempting to remedy BTI's failure and/or refusal to provide all documents necessary for a full

and complete audit.  Under the trust agreements and by law, the Funds are entitled to recover these costs and expenses, including attorney's fees, from BTI.

18.     Under the collective bargaining agreement(s) and ERISA, BTI is obligated to pay any delinquent contributions as may be revealed by an audit of its books and records, and further, is obligated to pay liquidated damages and interest that the Funds assess upon such delinquent contributions.  Accordingly, to the extent an audit of BTI reveals the existence of any unpaid and delinquent contributions, BTI is liable to the Funds for such contributions, liquidated damages, and interest.  BTI is also liable to pay the Funds' costs and reasonable attorney's fees for the collection of these amounts.

**WHEREFORE,** Plaintiffs pray that the Court enter an Order:

a)     Compelling Defendant BTI to submit to a full and complete audit of its books and records in order to determine Defendant's compliance with its contribution obligations under the collective bargaining agreement(s);

b)     Allowing the Plaintiffs to apply for an award against Defendant BTI for any contributions as are determined to be due and owing as based on the audit, plus liquidated damages and/or interest on the fringe benefit contributions;

c)     Awarding the Plaintiffs their costs of this action, including Plaintiffs' reasonable attorney's fees; and

d)     Granting the Plaintiffs such other relief that the Court deems just and proper, including interest that accrues during the pending of this action.

Respectfully submitted,

**BLAKE & UHLIG, P.A.**
753 State Avenue, Suite 475
Kansas City, Kansas 66101
Telephone:  (913) 321-8884

Facsimile:  (913) 321-2396

By   /s/ Scott L. Brown
    Scott L. Brown, KS Bar # 20580
    **ATTORNEYS FOR PLAINTIFFS**